# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOYCE BATTLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:07CV470 DDN |
| ) | |
| RANDY BLOUNT AUTOMOTIVE ) | |
| GROUP, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs have filed a pro se complaint and have moved to proceed in forma pauperis. After reviewing the financial information provided by plaintiffs, the Court will grant the motions to proceed without payment of the filing fee. Because plaintiffs are proceeding in forma pauperis, the Court is required to review plaintiffs' complaint to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). Upon review of the complaint, the Court finds that the complaint is unworkably vague and ambiguous, and the Court will order plaintiffs to file an amended complaint.

Under the Federal Rules, each allegation in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(e). The allegations in plaintiffs' complaint are

none of these things. Although there are two plaintiffs and multiple defendants, the complaint often refers only to "Plaintiff" or "Defendants," without specifying who the actor is. For example, paragraph 37 states: "Defendant[s] knowingly and with invidious discriminatory animus conspired to extort and defraud stating Plaintiff had no Insurance, when Plaintiff in fact paid $2,000 for Insurance." The Court is unable to determine from the allegation who is alleged to be involved.

Many of the allegations in the complaint are conclusory and fail to state any facts, which if proved, would demonstrate that plaintiffs are entitled to relief. The Federal Rules require plaintiffs to provide "a short and plain statement" of the facts showing that they are entitled to relief. Fed. R. Civ. P. 8(a). The Court will ignore all legal conclusions in the complaint.

Finally, the Court notes that only plaintiff Battle signed the complaint. Rule 11 requires that all pro se parties sign the complaint.

The Court will allow the plaintiffs to file an amended complaint. Plaintiffs are warned that the filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). In filing an amended complaint, the plaintiffs must comply with the pleading requirements of the Federal Rules of Civil Procedure, especially Rules 8, 10, and 11.

If an amended complaint is filed, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2)(B). If plaintiffs fail to file an amended complaint as ordered, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc. nos. 7, 8] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **April 24, 2007**, in which to file an amended complaint.

**IT IS FURTHER ORDERED** that if no amended complaint is filed by the above deadline, this case shall be dismissed without prejudice.

Dated this 3rd day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE