# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOYCE BATTLE, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV470 DDN |
| ) | |
| RANDY BLOUNT AUTOMOTIVE ) | |
| GROUP, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Joyce Battle's motion to represent Montia Flynn and for review of the first amended complaint under 28 U.S.C. § 1915. Battle's motion to represent Flynn is meritless and will be denied. Additionally, the Court finds that the amended complaint should be dismissed because it does not comply with the Federal Rules of Civil Procedure, and because the action is both frivolous and malicious.

## I. The Motion to Represent Should be Denied and Flynn Shall be Dismissed from the Case for Failure to Sign the Complaint

Rule 17 of the Federal Rules of Civil Procedure allows a next friend to sue or defend on behalf of an infant or incompetent person. Battle has not alleged that Flynn is either a minor or incompetent. In her motion, Battle states that Flynn has a "learning disorder, ADHH," and that Flynn was underage "at the time of [the] incident." Neither

of these allegations is sufficient to allow Battle to sue as next friend on behalf of Flynn. Consequently, Battle may not proceed as Flynn's next friend.

Furthermore, a non-attorney parent may not appear pro se on behalf of his or her child in a civil rights action. Cheung v. Youth Orchestra Found. Of Buffalo, Inc., 906 F.2d 59, 61 (2nd Cir. 1990). As a result, Battle's motion to represent Flynn will be denied.

In its Order dated April 3, 2007, the Court noted that only plaintiff Battle had signed the complaint and that under Rule 11 all pro se parties are required to sign the complaint. Flynn has not signed the amended complaint. As a result, Flynn shall be dismissed from this case for failure to sign the complaint, and the Court will not consider the allegations relating to Flynn for purposes of review under 28 U.S.C. § 1915(e).

## II. The Amended Complaint Should be Dismissed Because it Does Not Comply with the Federal Rules

In its Order dated April 3, 2007, the Court found that the original complaint did not comply with the Federal Rules governing pleadings, and the Court ordered plaintiffs to file an amended complaint in compliance with Rules 8, 10, and 11. The amended complaint, however, is even more unintelligible than the original complaint.

The amended complaint is 72 pages long and names 15 defendants. In filing the amended complaint, Battle refiled 21 pages of the original 26 page complaint and to that added 51 pages of rambling allegations. Not unsurprisingly, refiling most of the original complaint has done nothing to cure the defects in it.

The amended complaint does not comply with Rule 8 or Rule 10. It is long, incoherent, repetitive, and conclusory. Most of the claims are not made in separately numbered paragraphs. Where Battle has used numbered paragraphs, she has done so in a confusing manner by repeating some numbers, by placing numbers out of order, and by occasionally switching to letters.

The result of Battle's failure to follow the Rules is that the amended complaint is almost entirely unintelligible. It would be impracticable to allow this case to go forward on the amended complaint because defendants would not be put on notice as to the exact nature of Battle's claims against them. Because Battle has not complied with the Rules of Civil Procedure or with the Court's Order dated April 3, 2007, this case should be dismissed pursuant to Rule 41(b).

**III. The Amended Complaint is Both Frivolous and Malicious**

    *A.    Standard*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id., at 461-63.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### B.     *The Amended Complaint*

Battle brings this action under 42 U.S.C. § 1983[1] for false arrest and false imprisonment. Named as defendants are Jerry Lee (police chief), Dennis Elze (police captain), David Bello (police officer), Stephen Dittmeier (same), Dean O'Hara (same), David Porter (same), Frances Kardasz (same), Chris Money (same), Harold Hughes (President, Harold Hughes Auto Body Shop), Randy Blount (President, Randy Blount Mazda), Elizabeth Johnston (unknown), Craig Gronemeyer (unknown), Michael Rich (employee, Randy Blount Mazda), Kevin Blount (same), and Marlo Lamb (prosecuting attorney). Battle seeks monetary relief in the amount of $68 million.

Battle purchased a vehicle from Randy Blount Mazda sometime in 2004. Battle alleges that the vehicle was defective and that she had to return to the dealership several times to have it repaired. Battle believes that the vehicle is a "lemon," and that the dealership engaged in a "bait and switch" scheme when it sold her the vehicle.

Battle alleges that on July 7, 2004, she was involved in an incident at the dealership where the defendant police officers arrested her and her daughter. Battle claims that, as a result of the arrest, defendant Rich obtained a protective order against

---

[1]Battle refers to several other federal statutes and several state causes of action in the amended complaint. The other federal statutes are irrelevant to Battle's claims, and as will be explained below, the Court will dismiss the state causes of action under 28 U.S.C. § 1367(c)(3).

her from state family court, and she was found guilty of first degree trespassing and resisting arrest in St. Louis County Circuit Court. The convictions were later affirmed by the Missouri Court of Appeals. State v. Battle, 204 S.W.3d 229, 230 (Mo. App. E.D. 2006), app. for trans. denied, SC88104 (Mo., Nov. 21, 2006).

*C.  Discussion*

Battle may not bring an action for damages for false arrest or imprisonment "unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus." Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). As a result, Battle's claims under § 1983 for false arrest and imprisonment are legally frivolous.

The amended complaint fails to state a claim under § 1983 against Hughes, Randy Blount, Johnston, Gronemeyer, Rich, and Kevin Blount because these defendants are not state actors.

Where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). Consequently, Battle's claims against Lamb are frivolous.

Finally, the Court finds that this lawsuit is malicious. Battle admits that she was found guilty of first degree trespass against Randy Blount Mazda and that she was also

found guilty of resisting arrest. Additionally, she admits that defendant Rich has obtained a restraining order against her. These admissions, the absence of probative facts necessary to sustain a suit under § 1983, and the extreme demand for $68 million lead the Court to conclude that Battle did not file this action to vindicate a legitimate right.

## IV. The Court will Dismiss Battle's State Law Claims

In addition to her federal civil rights claims, Battle has put forth various state law causes of action, including common law fraud, breach of the Uniform Commercial Code, and violation of the Lemon Law. Because the Court is dismissing Battle's federal claims, the Court will dismiss her state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Joyce Battle to represent Montia Flynn is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 30th day of April, 2007.

                                                        UNITED STATES DISTRICT JUDGE